UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACQUELINE WALKER MIMS                                                                        PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:09CV617-DPJ-FKB

GENERAL MOTORS                                                                                DEFENDANT

ORDER

This employment-discrimination case is before the Court on the motion [57] of Plaintiff Jacqueline Walker Mims, proceding *pro se*, for reconsideration of the Court's Order granting summary judgment to Defendant General Motors ("GM"), granting GM's Motion to Strike Plaintiff's sur-reply, and dismissing Plaintiff's claims. GM opposes the motion for reconsideration. The Court, having considered the parties' submission in light of the applicable authority, finds Plaintiff's motion should be denied.

I.      Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

II.     Analysis

Plaintiff argues that the Court committed several errors, but none of her arguments merits the Court's reconsideration of its Order.[1]  First, Plaintiff contends that her Exhibit E provides record evidence of "similarly situated" individuals for purposes of her job-selection discrimination claim.  Pl.'s Mot. [57] ¶ 4.  But this exhibit fails to provide sufficient information to meet the Fifth Circuit's exacting standard for showing similarly-situated individuals.  *See Lee v. Kan. City. S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009).

Plaintiff next references the Equal Employment Opportunity Commission (EEOC) determination that Plaintiff was suspended for disciplinary infractions for a greater period of time than white males.  Pl.'s Mot. [57] ¶¶ 5–6.  But an EEOC finding of discrimination is not dispositive in a later discrimination lawsuit.  *Nunley v. City of Waco*, 440 F. App'x 275, 279 (5th Cir. 2011) (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002)).  Plaintiff also argues the Court "misinterpreted" the disciplinary record evidence submitted by GM and states her disciplinary record was disputed through the United Auto-Workers bargaining procedure and through her EEOC charges.  *Id.* ¶¶ 11–12.  On the motion for summary judgment, Plaintiff failed to address many of the disciplinary infractions listed in GM's submission, and the Court analyzed those specific disciplinary incidents that Plaintiff did challenge.  In the present motion, Plaintiff

---

[1]GM argues Plaintiff's motion for reconsideration was untimely.  Rule 59(e) requires a motion to be filed no later than 28 days after the entry of judgment.  Here, 28 days after the September 23, 2011, judgment was October 21, 2011.  Adding three days pursuant to Rule 6(d), Plaintiff's motion should have been filed by October 24, 2011.  Though Plaintiff attaches what appears to be an electronic filing receipt dated October 21, 2011, Plaintiff's motion was not received and docketed by the court clerk, electronically or otherwise, until October 26, 2011.  Because the Court finds the motion to be without merit, it need not decide whether the motion was timely.

fails to articulate how the disciplinary record evidence submitted by GM was inaccurate, or present any argument why the Court should reconsider its finding that the evidentiary record as a whole supports summary judgment for GM on her discrimination claims.

Finally, Plaintiff argues the Court should infer that the affidavit of Sandra Jones is based on personal knowledge, even though the affidavit itself is unclear on this point.  Pl.'s Mot. [57] ¶¶ 7–9.  Plaintiff is not entitled to such an inference on summary judgment—Rule 56 requires that affidavits in support of or in opposition to a motion for summary judgment be made on personal knowledge and show the affiant is competent to testify on the matters stated therein.  Fed. R. Civ. P. 56(c)(4).  Further, the Court found that, even if Ms. Jones had personal knowledge, her affidavit was too vague to create a triable issue as to discrimination.

To the extent Plaintiff's motion makes any additional arguments in support of reconsideration of the Court's Order granting summary judgment, they are not well-taken.  In summary, Plaintiff fails to "establish either a manifest error of law or fact" or "present newly discovered evidence" that would justify reconsideration.  *Rosenzweig*, 332 F.3d at 863 (citations and quotations omitted).

III.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.  Plaintiff's request for oral argument on this motion is denied as moot.

**SO ORDERED AND ADJUDGED** this the 14th day of March, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE